1

2

3

4

5

6

7

8

9            UNITED STATES COURT OF APPEALS

10                FOR THE NINTH CIRCUIT

11

| | |
|---|---|
| In re:  KENNARD LEE DAVIS. | No.  16-72331 |
| KENNARD LEE DAVIS, guardian ad litem Ronnie Tolliver, | D.C. Nos. |
| | 2:10-cv-02139 KJM DB |
| Petitioner, | 2:08-cv-00593 KJM DB |
| v. | Eastern District of California, Sacramento |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO, | |
| Respondent, | ANSWER |
| RONNIE TOLLIVER, Guardian Ad Litem for Kennard Lee Davis; et al., | |
| Real Parties in Interest. | |

        Plaintiff is a state prisoner proceeding in forma pauperis with civil rights actions under 42

U.S.C. § 1983.  On July 11, 2016, plaintiff filed a petition for writ of mandamus in the United

States Court of Appeals for the Ninth Circuit (Court of Appeals).  That petition was opened as

/////

/////

1

1    Court of Appeals Docket No. 16-72331.  On October 18, 2016, the Court of Appeals issued an

2    order which provides as follows:

3            This petition for a writ of mandamus raises issues that
         warrant an answer.  *See* Fed. R. App. P. 21(b).  Accordingly, within
4        30 days after the date of this order, the real parties in interest shall
         file an answer.  In particular, the answer shall address that [sic]
5        status of petitioner's competency proceedings and shall address the
         process by which petitioner may file motions with the district court,
6        including a motion requesting medical treatment.

7            The district court, within 14 days after the date of this order,
         may address the petition if it so desires.  The district court may
8        elect to file an answer with this court or to issue a supplemental
         order and serve a copy on this court.  Petitioner may file a reply
9        within 5 days after service of the answer(s).  The petition,
         answer(s), and any reply shall be referred to the next available
10       motions panel.

11           The Clerk shall serve this order on the district court and
         District Judge Mueller.
12
             All pending motions will be addressed by separate order.
13

14   *Davis v. United States District Court*, No. 16-72331, slip op. at 1-2 (9th Cir. Oct. 18, 2016) (ECF

15   No. 6).

16           After review of the petition for writ of mandamus and the record in the two actions

17   pending before this court, the undersigned now submits the following response.  By his petition

18   for writ of mandamus, plaintiff seeks an order compelling this court to rule on a motion for

19   preliminary injunction filed by plaintiff in September 2011 seeking to enjoin prison medical staff

20   from denying him adequate medical care.  *See* Petition for Writ of Mandate at 2-3, *Davis v.*

21   *United States District Court*, No. 16-72331 (9th Cir. July 11, 2016) (ECF No. 1).

22   This court is prepared to assume jurisdiction over the matters raised in the petition of mandamus

23   and to address those matters on their merits, including the current status of plaintiff's access to

24   medical care and the adequacy of such care, as well as the status of plaintiff's competency

25   proceedings and the process by which plaintiff may proceed in the above-captioned actions.  *See*

26   *Davis v. United States District Court*, No. 16-72331, slip op. at 1-2 (9th Cir. Oct. 18, 2016) (ECF

27   No. 6).  Resolution of those matters on the merits will require longer than the fourteen days

28   /////

                                                        2

1    provided in the Court of Appeals' order for issuance of a supplemental order by this court.  This

2    court is prepared to take the following steps immediately if jurisdiction is transferred back to it:

3            1.  Obtain a report from plaintiff's mental health clinicians on the current status of

4    plaintiff's mental health, including but not limited to whether he is currently under a *Keyhea*[1]

5    order for involuntary medication, the reason(s) for his current psychiatric inpatient

6    hospitalization, and the prognosis for length of stay and any other matter relevant to plaintiff's

7    ability to litigate this action[2]; and

8            2.  Consider appointment of a medical expert as provided by Federal Rule of

9    Evidence 706 to conduct an independent medical examination of plaintiff and report to the court

10   on the current status of plaintiff's physical health, including those matters identified in plaintiff's

11   September 2011 motion for preliminary injunction and the operative complaints in the above-

12   captioned actions.

13   /////

---

14   [1]      *Keyhea v. Rushen*, 178 Cal. App. 3d 526 (1986).

15   [2]      The finding of incompetency relied on by this court in staying this action was made on
16   August 15, 2011 by a United States Magistrate Judge in the United States District Court for the
     Central District of California (Central District).  *See* Order and Findings and Recommendations,
17   Case No. 2:10-cv-2139 (E.D. Cal. Feb. 22, 2012) (ECF No. 59) (taking judicial notice of Order
     filed December 27, 2011 in Central District Case No. CV 06-4744); Order, Case No. 2:10-cv-
18   2139 (E.D. Cal. Apr. 3, 2012) (ECF No. 62).  The action in which the competency proceedings
     were conducted is a habeas corpus action filed by plaintiff in the Central District, and the
19   competency proceedings were required under a remand order issued by the Court of Appeals.  *See*
     *Davis v. Malfi*, No. 2:06-cv-4744 JVS JEM (C.D. Cal. Aug. 15, 2011) (ECF No. 158).  That
20   habeas corpus action is now pending before the Court of Appeals and plaintiff still has a guardian
     ad litem in that action.  *See* Motion to Substitute Guardian Ad Litem, *Davis v. Malfi*, No. 15-
21   55561 (9th Cir. July 12, 2016) (ECF No. 56).  The record before the Court of Appeals in the 2015
     action shows that a United States Magistrate Judge granted an application to substitute a new
22   guardian ad litem as recently as June 6, 2016.  *Id.*
23           The Magistrate Judge assigned at the time to the two actions pending here conducted a
     status conference on May 9, 2014, following the Court of Appeals' reversal of this court's order
24   staying the two actions.  The transcript of that status conference has been filed in both cases.  *See*
     Case No. 2:08-cv-0593 (E.D. Cal. Oct. 28, 2016) (ECF No. 125); Case No. 2:10-cv-2139 (E.D.
25   Cal. Oct. 28, 2016) (ECF No. 183).  Among other matters, the transcript illuminates the
     circumstances that led to the finding of incompetency in plaintiff's habeas corpus action.
26           Absent specific direction from the Court of Appeals, this court is not inclined to take steps
27   that might interfere with the orders of the Central District concerning plaintiff's incompetence.

28

3

1    The court also is continuing its ongoing efforts to find counsel willing to represent

2    plaintiff or the guardian ad litem appointed by this court.  Since the 2014 decision by the Court of

3    Appeals reversing this court's stay of the above-captioned actions, the assigned magistrate judges

4    have appointed plaintiff's brother Ronnie Tolliver as his guardian ad litem (ECF No. 81)[3], and

5    have twice appointed counsel for plaintiff (ECF Nos. 82, 104).  Both attorneys moved to

6    withdraw.  The first appointed attorney, Benjamin Williams, informed the court that he could not,

7    as a solo practitioner, manage plaintiff's two "complex" civil rights cases.  (ECF No. 89-2 at 1.)

8    The second attorney, Brian Pomerantz, who is also plaintiff's federal habeas counsel, was

9    compelled to move to withdraw because plaintiff had filed numerous documents with the court

10   alleging, among other things, that Mr. Pomerantz had a conflict of interest.  (ECF No. 115.)  Both

11   motions to withdraw were granted.  (ECF Nos. 96, 127.)  In 2014 and again in early 2016, the

12   court's ADR and Pro Bono Director conducted exhaustive searches for counsel to undertake

13   representation in these cases.[4]

14   For the foregoing reasons, this court respectfully requests that the United States Court of

15   Appeals for the Ninth Circuit dismiss the petition for writ of mandamus filed by plaintiff in *Davis*

16   *v. United States District Court*, No. 16-72331 (9th Cir.) with instructions to this court to address

17   forthwith the matters raised in that petition on the merits.

18   In accordance with the above, IT IS HEREBY ORDERED that this response shall be

19   transmitted to the United States Court of Appeals for the Ninth Circuit for filing in *Davis v.*

20   *United States District Court*, No. 16-72331 (9th Cir.).

21   DATED:  October 31, 2016

UNITED STATES DISTRICT JUDGE

23
24   [3] With the exception of footnote 2, the ECF numbers in this order are from Case No. 2:10-cv-
     2139 (E.D. Cal.).  The orders referred to have also been filed in Case No. 2:08-cv-0593.

25
26   [4] The transcript of the May 9, 2014 status conference also provides insight into the court's efforts
     to secure counsel and/or a guardian ad litem for plaintiff, both before and after issuance of the
     findings and recommendations that led to the stay order.  For example, at the status conference
27   the Magistrate Judge requested that the attorney who represented plaintiff on his successful
     appeal in the Court of Appeals volunteer to continue representation in this court.  The attorney
28   declined the request.