UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No. 2:10-cv-2139 KJM DB<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983. As described in detail in this court's January 6, 2023 order and findings and recommendations, plaintiff has, among other things, six pending motions[1] to be declared competent to proceed pro

---

[1] Case No. 2:08-cv-0593 KJM DB (ECF Nos. 248, 249, 258, 263, 264, 271); Case No. 2:10-cv-2139 KJM DB (ECF Nos. 334, 340, 342, 345, 349).

1

se in these cases.  (See ECF No. 281.[2]).  In the January 6 order, this court ordered plaintiff's mental health clinicians to submit a report on the current status of plaintiff's mental health.  That report was due February 6, 2023.  When the court received no response to that order, the undersigned issued an order to show cause.  Defendants have responded to the order to show cause.[3]

Counsel for the defendants employed by CDCR, Deputy Attorney General Matthew Ross Wilson, states that defendants are not plaintiff's mental health clinicians.  (ECF No. 285.)  Apparently for that reason, Mr. Wilson forwarded this court's order to the litigation coordinator at the prison where plaintiff is currently incarcerated "so that the report could be prepared."  Mr. Wilson then states that he "did not receive the requested report by the February 6 deadline, and I have had to follow up regarding its status."  Mr. Wilson concludes by stating: "I am informed that the report has not been completed. I believe that an additional thirty days would be sufficient for the report to be completed by Plaintiff's clinicians and filed by my office."

This court has a number of concerns regarding Mr. Wilson's response.  First, Mr. Wilson appears to feel he bears little or no responsibility for the mental health report ordered by this court.  In the January 6 order, this court used language identical to that used by Chief Judge Mueller in her May 18, 2017 order requiring a report on plaintiff's mental health.  (ECF Nos. 132, 281.)  When the prison was unable to meet the deadline for providing the report ordered by Chief Judge Mueller, the CDCR defendants counsel at that time, Deputy Attorney General William J. Douglas, sought an extension of time.  (ECF No. 136.)  Mr. Douglas detailed his efforts in attempting to comply with Chief Judge Mueller's order.  In granting the extension of time, Chief Judge Mueller made clear that defendants were expected to file the report - "Defendants shall file

---

[2] Plaintiff makes essentially the same allegations regarding his medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases.  Therefore, the court has and will continue to issue the same orders in both cases.  Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

[3] Defendant Haynes provided a response in the 2010 case.  (ECF No. 361.)  His counsel notes that Mr. Haynes is not employed by CDCR and therefore does not have access to plaintiff's mental health clinicians.  This court agrees that neither Mr. Haynes nor his counsel bear any responsibility for the preparation of the report on plaintiff's current mental health.

a response to the Court's May 18, 2017 Order on or before July 1, 2017." (ECF No. 139.) Mr. Douglas, on behalf of defendants, then filed the mental health report. (ECF No. 143.) Given this history, it is not unreasonable to expect that defendants' current counsel would take the same responsibility for responding to this court's January 6 order. This court expects Mr. Wilson to take that responsibility going forward.

Second, Mr. Wilson fails to provide any good cause for an extension of time. He simply states that he "believes" an additional 30 days "would be sufficient." This court recognizes that preparation of the report may be time-consuming. Therefore, additional time will be permitted. However, Mr. Wilson is warned that if the report cannot be filed within the time provided, he must file a motion for an extension of time prior to the due date for the report and he must attempt to make a showing of good cause for the additional time requested.

Finally, this court notes that plaintiff's numerous motions to regain competency status are redundant. To simplify the dockets, this court will dismiss all except plaintiff's most recent motions. Plaintiff is advised that he will not suffer any prejudice from this clarification of the court's dockets. If plaintiff made arguments in his prior motions that he has not repeated in his most recent motions, this court will consider those prior arguments when it issues a recommendation on plaintiff's motion to regain competency status.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' counsel's request for an extension of time to submit the mental health report described in this court's January 6 order is granted. Defendants' counsel shall file that report within thirty days of the filed date of this order.

2. Plaintiff's motions to regain competency filed in Case No. 2:08-cv-0593 KJM DB P (ECF Nos. 248, 249, 258, 263, and 264) are dismissed as redundant. The competency issue in the 2008 case will proceed on plaintiff's motion filed September 8, 2022 (ECF No. 271).

////
////
////

3

3. Plaintiff's motions to regain competency filed in Case No. 2:10-cv-2139 KJM DB P (ECF Nos. 334, 340, 342, and 345) are dismissed as redundant.  The competency issue in the 2010 case will proceed on plaintiff's motion filed November 28, 2022 (ECF No. 349).

Dated:  February 28, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.comp rpt eot

4