UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants. | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants. | No. 2:10-cv-2139 KJM DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]
Before the court are plaintiff's motion to end service of documents on a previously-appointed

---

[1] Plaintiff makes essentially the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1  expert, motion for a preliminary injunction and/or a protective order, objections to a court order,
2  and motion to cross-examine a prison official.  For the reasons set forth below, this court denies
3  the motion to cross examine a prison official, recommends denial of plaintiff's motion for a
4  preliminary injunction and/or a protective order, recommends the motion to end service of
5  documents on the expert be granted, and recommends plaintiff's objections to a court order be
6  denied in all other respects.

## RELEVANT BACKGROUND

These cases have a long history, marked by delays due to plaintiff's incompetent status. Briefly, at plaintiff's request, several attorneys and guardians ad litem have been appointed to represent her.  After each appointment, plaintiff moved to have those representatives dismissed and/or they sought to withdraw.  Currently, plaintiff is not represented by either a guardian ad litem or counsel.  In 2019, Chief Judge Mueller stayed these cases pending plaintiff's return to competency.  On plaintiff's appeal of that order, the Ninth Circuit remanded these cases to the district court for consideration of plaintiff's motions to be restored to competency status.  This court will not, here, address any of plaintiff's filings relating to his motion to be restored to competency status.[2]  Rather, this court addresses various other motions recently filed by plaintiff.

In a document filed May 18, 2023, plaintiff asks the court to end the service of documents on Dr. Mannis, an expert appointed several years ago to evaluate plaintiff.  (ECF No. 300.)  In a document filed July 5, 2023, plaintiff moves for a preliminary injunction and/or a protective order regarding the denial or delay of her request for a transfer to a women's prison under California's Transgender Respect, Agency, and Dignity Act.  (ECF No. 306.)  Because this court had some concerns about statements plaintiff made in her July 5 filing, this court ordered defendants' counsel to contact the prison regarding those statements.  (July 11, 2023 Order (ECF No. 307).)  Plaintiff objected to that order for several reasons.  (ECF No. 310.)  Defendants filed a response

---

[2] To date, there are six outstanding motions, regarding plaintiff's motion to be restored to competency status.  (See ECF Nos. 294 (motion for appointment of mental health expert); 298 (motion to cross-examine mental health expert appointed in 2017); 299 (motion to unseal prior expert's report); 302 (motion to depose CDCR psychologist); 303 (motion re testimony of expert appointed in 2017); and 304 (motion re testimony of CDCR psychologist).

to the July 11 order, supported by a declaration from C. Ramos, Grievance Coordinator at Salinas Valley State Prison. (ECF No. 309.) Plaintiff filed a reply to the response. (ECF No. 314.) Plaintiff also filed a motion to cross-examine C. Ramos. (ECF No. 313.)

**PLAINTIFF'S MOTIONS**

**I. Plaintiff's Motion to End Service on Dr. Mannis and Objections to July 11 Order**

Initially, this court addresses issues raised by plaintiff regarding procedural matters. In plaintiff's July 5 objections to this court's July 11 order, plaintiff complains of (1) this court's failure to permit her to file a reply to defendant's response to the July 5 motion; (2) this court's jurisdiction over her motion for a preliminary injunction; and (3) service of the July 11 order on court appointed expert witness Dr. Mannis. (ECF No. 310.) This latter request to stop service on Dr. Mannis was made previously in a May 18 filing. (ECF No. 300). Plaintiff attaches almost 90 pages of documents to her objections. After a brief review, those attachments do not appear necessary to a discussion of the complaints contained in plaintiff's objections.

To address plaintiff's first concern, this court will consider plaintiff's reply to defendants' response to her July 5 motion. Therefore, plaintiff's complaint that permission to file such a reply was not included in the July 11 order is moot. Second, this court does not have jurisdiction, absent the parties' consent, to enter a final ruling on plaintiff's motion for an injunction. 28 U.S.C. §636(b)(1)(A). Below, this court recommends denial of that motion for an injunction. The district judge will enter a final order on the motion. Finally, this court finds no reason Dr. Mannis, who was appointed to evaluate plaintiff several years ago, should remain on the service list for this case. Plaintiff should note that it appears the orders served on Dr. Mannis are available to the public. Therefore, there is no prejudice to plaintiff from service of those orders on Dr. Mannis.

**II. Motion for Preliminary Injunction**

In her July 5 motion for a preliminary injunction and/or a protective order, plaintiff states that in 2021 she received "partial recognition" of her transgender status. (ECF No. 306.) Plaintiff indicates that she has requested transfer to a women's prison under California's Transgender Respect, Agency, and Dignity Act. However, prison officials either have not granted that request

3

or are failing to facilitate its referral to the appropriate body. Plaintiff further states that she has been subject to "retaliation" in the form of, among other things, sexual stalking.

Plaintiff attaches over 100 pages of documents to her motion (ECF No. 306) and over a 150 pages to her reply (ECF No. 314). This court has briefly reviewed those attachments. However, plaintiff is advised that her arguments and requests must be identified in the body of any motion. The court is not required to review attachments to determine what plaintiff seeks. Here, this court addresses plaintiff's request for an "emergency/urgent . . . transfer to a women's prison" and also considers plaintiff's statement that she has been subjected to sexual stalking.

**A. Legal Standards**

A party requesting preliminary injunctive relief must show that "[s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed.). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

////

4

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**B. Discussion**

Before addressing the relief plaintiff seeks - transfer to a women's prison - this court asked defendants to investigate plaintiff's contention that she is being subjected to "sexual stalking" based on her transgender status.[3] (ECF No. 307.) In response, defendants provided the declaration of Grievance Coordinator Ramos that plaintiff has grievances regarding the stalking, among other things, that are in the process of being addressed. (ECF No. 309.) In reply, plaintiff states that she has been the victim of cell burglaries, theft of mail, and physical attacks by "inmate proxies" of defendants. (ECF No. 314.) Plaintiff argues that Ramos's statements are vague as to the time the grievances were filed. However, plaintiff does not contest Ramos's statements that she has pending grievances. In fact, a review of some of the attachments to plaintiff's reply brief show that she has recently complained about these problems and those complaints are being, or have been, considered. (See, e.g., ECF No. 314 at 16, 17, 51.)

These filings show that plaintiff is exercising her rights through the prison grievance process. As plaintiff is aware, once she has exhausted the grievance process and if she feels that her constitutional rights have been violated, she may seek relief by filing an action in the appropriate court. To the extent plaintiff is asking the court to intervene in the grievance process, this court finds no basis to do so.

With respect to plaintiff's request for an immediate transfer to a women's prison, that request has no relationship to the claims in these cases. In the operative complaints, plaintiff contends that prison officials destroyed her legal documents, used excessive force, denied her adequate medical care, and retaliated against her for exercising her First Amendment rights. (See

---

[3] This court requested additional information from defendants based solely on a concern about harm to plaintiff. That request should not be construed as an indication that this court finds plaintiff's motion meritorious.

5

First Am. Comp. in 2:08-cv-0593 KJM DB P (ECF No. 11); and First Am. Comp. in 2:10-cv-2139 KJM DB P (ECF No. 88).)  Granting plaintiff's request that the federal court intervene in her request for a transfer is not necessary to enable the court to render a decision on the merits of plaintiff's unrelated claims.  Plaintiff's motion for preliminary injunctive relief in this case should be denied.

**III.  Motion to Cross Examine Counselor Ramos**

In this motion, plaintiff simply states that she wants to cross examine C. Ramos, the Grievance Coordinator, who submitted a declaration along with the court-ordered response to plaintiff's motion for injunctive relief.  As described above, plaintiff does not challenge Ramos's declaration in any relevant respect.  Further, this court finds no basis to grant plaintiff's motion for injunctive relief.  Plaintiff's motion to cross-examine C. Ramos will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to cross-examine C. Ramos in case no. 2:08-cv-0593 (ECF No. 313) and in case no. 2:10-cv-2139 (ECF No. 391) is denied.

Further, IT IS RECOMMENDED that:

1. Plaintiff's objections in case no. 2:08-cv-0593 KJM DB P (ECF No. 310) and in case no. 2:10-cv-2139 KJM DB P (ECF No. 388) to this court's July 11 order be granted with respect to plaintiff's request that Dr. Mannis be removed from the service list for this case.  In all other respects, plaintiff's objections should be denied.

2. Plaintiff's motion to have Dr. Mannis removed from the service list in case no. 2:08-cv-0593 KJM DB P (ECF No. 300) and in case no. 2:10-cv-2139 KJM DB P (ECF No. 376) be granted.  The Clerk of the Court should be directed to remove Dr. Mannis from the service list for both of these cases.

3. Plaintiff's motion for preliminary injunctive relief and/or a protective order in case no. 2:08-cv-0593 KJM DB (ECF No. 306) and in case no. 2:10-cv-2139 KJM DB (ECF No. 382) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 31, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.tro fr