UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No. 2:10-cv-2139 KJM DB<br><br><u>ORDER</u> |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

////

---

[1] Plaintiff makes essentially the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

Before the court are plaintiff's motion to be restored to competency status and various related motions.

The background of proceedings regarding plaintiff's competency and her representation in the present actions is set out in this court's January 6, 2023 order and will not be repeated here. (See ECF No. 281.) In the January 6 order, this court directed plaintiff's mental health clinicians to "file a report on the current status of plaintiff's mental health, whether he is currently under a Keyhea order for involuntary medication, his current Mental Health Services Delivery System designation (CCCMS, EOP, or inpatient), his most recent mental health inpatient hospitalization(s), his mental health prognosis, and any other matters relevant to plaintiff's ability to litigate this action." On June 6, 2023, defendants' counsel filed a declaration of Stephanie Neumann, M.D., CDCR's Regional Administrator of the Statewide Mental Health Program-Region II, in response to this court's order. (ECF No. 301.) Dr. Neumann states:

> [T]he patient was evaluated by both the assigned psychiatrist and the assigned mental health clinician on June 5, 2023. Both providers noted that the patient was without specific depression or anxiety. The patient was without hallucinations or classic delusions. The patient was without suicidal or homicidal ideation. The patient was lucid and her thought process was organized. The patient expressed her opinion that custody was purposely not helpful as relates to the medication line and facilitating medication administration performed by the nursing staff. She had been noncompliant with medications for the previous three days. She understands that her recently consistent noncompliance would result in the medications discontinuation. Although the patient was already not taking medications, medications (fluphenazine and benztropine) were formally discontinued on June 5, 2023. The patient clearly understands that the medications can be restarted at her request. Patient will be seen by her primary clinician weekly. The patient will be seen by her assigned psychiatrist monthly and as needed should the patient wish to restart her medications. At the current time, the patient's presentation and clinical symptoms do not meet the criteria required for pursuit of an involuntary medication court order.

(Id. at 2.)

On June 30, this court ordered defendants to respond to plaintiff's motion to be restored to competency and to propose a path going forward to address plaintiff's motion. (ECF No. 305.) On July 20, Dr. Haynes, a defendant in case no. 2:10-cv-2139 KJM DB, responded by stating that he "believes plaintiff is currently competent [to] represent herself" based on the declaration of Dr.

2

Neumann and on defense counsel's recent conversations with plaintiff to discuss resolution of her claims against Dr. Haynes. Haynes asks the court to find plaintiff competent and schedule a settlement conference. (ECF No. 385.) In their response, the remaining defendants in case no. 2:10-cv-2139 KJM DB and defendants in case no. 2:08-cv-0593 KJM DB state that based on the "limited" available evidence, plaintiff appears to be competent. (ECF No. 393 in case no. 2:10-cv-2139 KJM DB and ECF No. 315 in case no. 2:08-cv-0593 KJM DB.)

This court's research has turned up little authority governing a motion to be restored to competency in a civil proceeding. When considering a motion to have a party declared incompetent, the court looks to Federal Rule of Civil Procedure 17. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The determination of competency is governed by state law competency standards. See Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, No. C 09–04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)).

While state law governs the determination of competency, the procedure for determining it is set by federal law. See In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). In Allen, the Ninth Circuit held that a party "is entitled to a competency determination when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. A party is entitled to due process in the Rule 17 process. Chief District Judge Mueller of this court noted that "[f]ederal courts have generally concluded that notice and a hearing are the minimum required." AT & T Mobility LLC v. Yeager, No. 2:13-CV-0007-KJM-DAD, 2015 WL 4751185, at *3 (E.D. Cal. Aug. 11, 2015) (citing Sturdza v. United Arab Emirates, 562 F.3d 1186, 1188 (D.C. Cir. 2009)).

The considerations in a motion to be returned to competency are, of course, different than those in a motion to have a party declared incompetent. Rather than a deprivation of rights, plaintiff's motion, if successful, would result in a restoration of rights. Cf. Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that a finding of incompetency and the

3

1 appointment of a guardian ad litem implicates due process concerns because it deprives a litigant
2 of the right to control litigation and subjects him to possible stigmatization).  Nonetheless, this
3 court finds the information provided so far insufficient to make a determination at this time that
4 plaintiff is competent to proceed pro se.  This court does find the information sufficient to go
5 forward with a determination of plaintiff's competency.

6       As Rule 17 contemplates, the court is tasked with protecting the rights of incompetent
7 parties.  Therefore, this court finds the appropriate first step in making a determination of
8 plaintiff's competency is a psychiatric evaluation by a neutral expert.  Plaintiff has filed several
9 motions for the appointment of a mental health expert, recognizing the need for an expert
10 evaluation at this point.  Those motions will be granted.

11       Plaintiff asks the court to appoint psychiatrist Dr. Kaushal Sharma, who evaluated
12 plaintiff in 2011 for purposes of the competency determination in his habeas corpus proceedings
13 in the Central District of California.  This court is willing to consider appointment of Dr. Sharma.
14 However, the court's attempts to contact Dr. Sharma have been unsuccessful.  The parties will be
15 ordered to attempt to find current contact information for Dr. Sharma.  If the parties are unable to
16 find that information, the court will undertake a search for a neutral expert.

17       Accordingly, IT IS HEREBY ORDERED as follows

18       1. Plaintiff's motions for appointment of a psychiatric expert to consider plaintiff's
19 competency are granted.  (ECF Nos. 294, 303, and 304 in case no. 2:08-cv-0593 KJM DB; and
20 ECF Nos. 371, 379, and 380 in case no. 2:10-cv-2139 KJM DB.)

21       2. Within the next thirty days, the parties shall attempt to find current contact information
22 for Dr. Kaushal Sharma, who evaluated plaintiff in 2011.  By October 23, 2023, the parties shall
23 ////
24 ////
25 ////
26 ////
27 ////
28

4

file statements providing the contact information for Dr. Sharma or, if they were unable to find that information, explaining what steps they took to find him.

DATED: September 20, 2023

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.appt expert(1)

5