UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>             Plaintiff,<br><br>     v.<br><br>JAMES WALKER, et al.,<br><br>             Defendants. | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>             Plaintiff,<br><br>     v.<br><br>JAMES WALKER, et al.,<br><br>             Defendants. | No. 2:10-cv-2139 KJM DB<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]
Pending before the court is plaintiff's motion to be restored to competency status. (ECF No.

---

[1] Plaintiff makes essentially the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

271.) This court previously found that consideration of plaintiff's motion requires the appointment of a neutral mental health expert to render an opinion on plaintiff's mental health and present competence. (ECF Nos. 320, 340.)

After an extensive search, the court has selected Dr. Amanda Gregory, a clinical and forensic neuropsychologist, to act as a neutral expert. Dr. Gregory has agreed to the appointment. In the order clause below, this court lists the documents Dr. Gregory shall review. They include plaintiff's mental health records for the last six years, reports prepared for the court by prison staff in 2017 and 2023, and the 2011 court order finding plaintiff incompetent. If Dr. Gregory feels additional documents are required, she shall contact the court. Dr. Gregory shall also examine plaintiff at a time to be determined and provide a written report to the court regarding plaintiff's present mental health, plaintiff's mental health prognosis, and plaintiff's present competence to represent herself in these legal proceedings. While the court briefly reviews the applicable law below, it expressly does not delegate the court's ultimate legal conclusion to Dr. Gregory.

Initially, this court notes that a motion to be restored to competency in a civil proceeding is unusual. Typically, courts consider motions to have a party declared incompetent. This court looks to those legal standards in considering plaintiff's motion to be restored to competency. In a civil case, determinations of competency are governed by Federal Rule of Civil Procedure 17. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The federal court looks to state law competency standards. See Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, No. C 09–04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)). If plaintiff is found competent, whether not she can assist an attorney will likely not be relevant because plaintiff would most likely proceed pro se. Therefore, the questions before the court are whether plaintiff has the capacity to understand the nature and consequences of these proceedings and whether she is able to adequately litigate them.

1    This court finds it necessary to give plaintiff a warning.  The records in plaintiff's habeas proceeding and in the present case show that plaintiff has at times refused to be examined by experts.  In plaintiff's habeas proceedings, her counsel retained an expert to examine plaintiff for purposes of a competency determination.  See Davis v. Malfi, No. CV -06-4744-AHM (MLG) (Minutes of Proceedings on Sept. 29, 2010; ECF No. 135).  Plaintiff refused to meet with the expert at the prison.  Id.  The court then appointed a neutral expert and ordered plaintiff transported to the Los Angeles County Jail for the examination.  Id. (Oct. 12, 2010 Minutes; ECF No. 138.)  In the present case, Chief Judge Mueller appointed a medical expert in 2017 to render an opinion on the adequacy of plaintiff's medical care.  (ECF No. 154.)  Plaintiff refused to be interviewed by this expert as well.  (See ECF No. 161.)  Based on this history, plaintiff is informed that the court requires the opinion of an expert to rule on plaintiff's motion to be restored to competency.  If plaintiff refuses to cooperate with Dr. Gregory, this court will, at the very least, consider that refusal as evidence that plaintiff is unable to understand the nature of these proceedings and is therefore incompetent to proceed pro se in these cases.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The court appoints Dr. Amanda Gregory as a neutral expert to assist the court under Federal Rule of Evidence 706.

2. Along with a copy of this order, the Clerk of the Court shall send electronic copies of the following documents to Dr. Gregory at amanda670@hotmail.com:

    a. Plaintiff's mental health records from 2017 through 2023 submitted to the court on January 5, 2024;

    b. The August 15, 2011 Order finding plaintiff incompetent in Davis v. Malfi, No. CV-06-4744-AHM (MLG) (C.D. Cal.; ECF No. 158).[2]

    c. The report of prison staff filed here on June 30, 2017 (ECF No. 143 in case no. 2:08-cv-0593);

---

[2] This order bears a stamp stating that it was filed under seal.  On October 4, 2012, the court unsealed the order.  Davis v. Malfi, No. CV -06-4744-AHM (MLG) (C.D. Cal.; ECF No. 204).

    d. The report of prison staff filed here on June 6, 2023 (ECF No. 301 in case no. 2:08-cv-0593);

    e. Plaintiff's first amended complaint (ECF No. 11) in case no. 2:08-cv-0593;

    f. Plaintiff's first amended complaint (ECF No. 88) in case no. 2:10-cv-2139;

    g. Chief Judge Mueller's July 31, 2019 Order in case no. 2:08-cv-0593 (ECF No. 244);

    h. The undersigned's January 6, 2023 Order and Findings and Recommendations in case no. 2:08-cv-0593 (ECF No. 281);

    i. The undersigned's November 3, 2023 Order in case no. 2:08-cv-0593 (ECF No. 340); and

    j. Plaintiff's filings over the last two months in case no. 2:08-cv-0593 (ECF Nos. 343, 344, 345, 347, 348, 350).

  3. Dr. Gregory shall review the documents forwarded by the Clerk, perform an examination of plaintiff at a time to be determined, and within 45 days thereafter submit a written report to the court by email to dborders@caed.uscourts.gov.  Dr. Gregory's professional opinion is requested as to plaintiff's current mental health, mental health prognosis, and current competency to represent herself in these proceedings.

  4. Dr. Gregory shall submit periodic bills by email to dborders@caed.uscourts.gov.

DATED: March 14, 2024

               /s/  DEBORAH BARNES
               UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.appt expert