UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants.<br> | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>       Defendants. | No. 2:10-cv-2139 KJM DB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]
Before the court are multiple motions filed by plaintiff. Below, this court addresses plaintiff's

---

[1] Plaintiff makes essentially the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1    motions for preliminary injunctive relief filed here on February 15 and April 1, 2024 and related
2    motions.

## BACKGROUND

The basis for and status of plaintiff's cases has been set out in recent orders and will not be repeated here. (See ECF Nos. 281, 340.) Plaintiff's claims in both cases involve conduct that occurred when she was incarcerated at California State Prison, Sacramento ("CSP-Sac").[2] Currently, the primary issue before the court is plaintiff's motion to be restored to competency status. (ECF No. 271.) This court determined that the first step in that process is evaluation of plaintiff by a neutral expert. (ECF Nos. 320, 340.) On March 14, 2024, this court appointed an expert to conduct that evaluation. (ECF No. 352.)

On February 15, 2024, plaintiff filed a motion for preliminary injunctive relief. (ECF No. 345.) Plaintiff alleges a variety of risks to her safety at Salinas Valley State Prison ("SVSP"). Plaintiff primarily appears to seek transfer to a "safe and secure prison . . . that is consistent with plaintiff's inmate case factors." (Id. at 18.) In order to evaluate plaintiff's motion, and out of an abundance of caution, this court ordered a response from defendants. (ECF No. 346.) Defendants filed that response. (ECF No. 357.) Plaintiff filed a reply. (ECF No. 368.)

Since mid-March, plaintiff filed multiple motions related to her motion for preliminary injunctive relief. (ECF Nos. 354, 355, 358, 359, 362, 364.) They include a second motion for a preliminary injunction, motions to certify a class to seek injunctive relief regarding safety at SVSP, and a motion to present evidence related to safety at SVSP.

## MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff filed two motions in which she specifically requests an injunction requiring the prison to move her to a facility, besides SVSP, that is consistent with her inmate case factors. In her February 15, 2024 motion, plaintiff makes a litany of allegations. (ECF No. 345.) As best this court can discern, they include allegations that many prison staff, including the deputy

---

[2] Plaintiff was transferred to other prisons beginning in 2016. (See, e.g., ECF Nos. 56, 110, 129.) She is currently incarcerated at Salinas Valley State Prison. It appears that plaintiff has not been incarcerated at CSP-Sac since she left in 2016.

1   warden, plaintiff's correctional counselor, the grievance coordinator, and various correctional
2   officers have paid other inmates to: (1) physically harm and sexually assault plaintiff; (2) destroy
3   plaintiff's legal and personal property or disseminate it to plaintiff's enemies; (3) discriminate
4   against plaintiff based on her transgender status.  In addition, they have denied plaintiff medical
5   treatment.  Plaintiff appears to allege these prison staff members have done so because they have
6   spoken to and/or know defendants in the present cases and are retaliating against plaintiff to
7   dissuade plaintiff from pursuing these cases and her pending habeas corpus case.  Plaintiff asks to
8   be transferred to a "safe and secure" prison that is consistent with plaintiff's inmate case factors.
9   Plaintiff references her request for a transfer to an "all female" prison.  (Id. at 18.)
10      In her more recent motion, filed here on April 1, plaintiff generally makes the same
11  allegations and asks the court to prevent SVSP staff from moving her into "D" yard, which was
12  scheduled to occur on March 29.  (ECF No. 364.)  As best this court can tell from plaintiff's
13  reply, she has not been moved to "D" yard.
14      In their opposition to plaintiff's motion, defendants point out that plaintiff's claims against
15  them arose during her incarceration at CSP-Sac, where she is no longer incarcerated.  Therefore,
16  defendants contend, this court does not have jurisdiction to impose an injunction because
17  plaintiff's complaints are directed at non-parties.  In addition, defendants provide declarations
18  from prison staff, including plaintiff's correctional counselor, regarding steps staff have taken to
19  address plaintiff's safety concerns and the availability of medical care.  (ECF No. 357.)
20      In her reply, plaintiff states that the defendants in these cases refused to provide plaintiff
21  medical treatment.  Plaintiff then goes on to reiterate her concerns about her safety at SVSP, in
22  particular due to her transgender status, and alleges that defendants' attorneys and SVSP staff are
23  "proxies" or "agents" of the defendants in these cases.  Plaintiff challenges the declaration of her
24  correctional counselor provided by defendants.  Plaintiff argues that the counselor omitted any
25  discussion of her transgender status and does not explain the status of those plaintiff is being
26  housed with.  Plaintiff contends she is at risk everywhere at SVSP because her enemies can harm
27  her or pay someone else to do so.  She further argues that she should not have to wait until she is
28  ////

1 assaulted before she obtains relief.  Finally, she contends her "imminent danger safety concerns"
2 prevent her from accessing medical treatment.  (ECF No. 368.)

**I.      Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed.).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition to its authority over defendants in the present case, the court also has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Tel. Co., 434 U.S. 159, 174

(1977); Forbes Media LLC v. United States, 61 F.4th 1072, 1075 (9th Cir. 2023) (citing New York Tel. Co., 434 U.S. at 174).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**II.     Discussion**

As best this court can tell, the factual underpinning for plaintiff's motions are alleged threats that have been made to her safety.  It appears that the prison is taking plaintiff's concerns seriously.  According to the March 19 declaration of plaintiff's correctional counselor, plaintiff informed prison staff that her safety was threatened by other inmates.  (ECF No. 357-1.)  In response, on December 7, 2023, plaintiff was placed in the Restrictive Housing Unit ("RHU").  As of March 19, plaintiff was still housed in that unit and, as far as the correctional counselor is aware, has not been involved in or subject to any violence.  According to the correctional counselor, staff plan to move plaintiff to "D" yard once the one known enemy of plaintiff currently in that yard is moved out.

Plaintiff claims she is not safe in any of the housing units at SVSP, including in the RHU.  (ECF No. 345 at 4.)  She contends that while her known enemies may be moved off "D" yard, they have associates on "D" yard who will have the ability to carry out their threats.  (Id. at 14.)

With respect to her medical care, plaintiff alleges the same prison staff are preventing her from attending medical appointments.  (E.g., ECF No. 345 at 8-9.)  However, according to the declaration of Dr. Lam, a physician at SVSP, plaintiff refused to attend scheduled appointments with Dr. Lam on January 9, February 29 and March 19, 2024.  (ECF No. 357-2.)  In her reply, plaintiff claims that she is unable to access medical services because the prison cannot assure her safety if she does so.  (ECF No. 368 at 11.)

Plaintiff's allegations are broad and unsupported.  Plaintiff simply asserts that all identified prison staff have paid other inmates to harm plaintiff in a myriad of ways.  She further asserts that her enemies can cause others to harm her anywhere at SVSP.  Plaintiff fails to

1  specifically identify any threat or describe in detail any conduct that causes her to fear for her
2  safety.  Finally, plaintiff's allegations that defendants' counsel and SVSP staff are "proxies" for
3  defendants in the present case is neither supported nor believable.  This court finds insufficient
4  support for plaintiff's contentions of imminent danger that would justify an exercise of
5  jurisdiction over non-parties under the All Writs Act.  This court will recommend plaintiff's
6  motions for preliminary injunctive relief be denied.  If plaintiff seeks court intervention regarding
7  her safety at SVSP, she should seek relief by filing suit in the appropriate court.

## MOTIONS TO CERTIFY A CLASS ACTION

In several motions, plaintiff appears to be seeking to certify a class action regarding prison safety.  Plaintiff's concerns for her own safety are the focus of her motion for preliminary injunctive relief discussed above.  Plaintiff does not explain how her concerns extend to other inmates.  In any event, plaintiff's motions to certify a class should be denied.  To the extent plaintiff seeks to do so in pro per (ECF Nos. 354, 358), she may not.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v .Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).  "Although a non-attorney may appear in propia person in his behalf, that privilege is personal to him."  Id. (citations omitted).

To the extent plaintiff seeks to have counsel appointed to represent a class (ECF Nos. 355, 359), plaintiff fails to make any allegations of failures at SVSP to protect any inmates but herself.  Moreover, as explained above, the present cases involve conduct that occurred at CSP-Sac.  Plaintiff's complaints about conduct occurring at SVSP are not appropriate in these cases.  This court finds no basis to appoint counsel.

////

////

**MOTION TO PRESENT EVIDENCE RE SAFETY AT SVSP**

Plaintiff moves to examine a correctional counselor regarding acts of violence at the prison "by inmates upon inmates." (ECF No. 362.) For the reasons set forth above, this court finds insufficient reason to further pursue in this case plaintiff's motions regarding her safety at SVSP.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that

1. For case no. 2:08-cv-0593 KJM DB P:
    a. Plaintiff's motions for preliminary injunctive relief (ECF Nos. 345, 364) be denied;
    b. Plaintiff's motions to certify a class action (ECF Nos. 354, 358) be denied;
    c. Plaintiff's motions for the appointment of counsel to represent a class (ECF Nos. 355, 359) be denied; and
    d. Plaintiff's motion to examine a correctional counselor (ECF No. 362) be denied.
2. For case no. 2:10-cv-2139 KJM DB P:
    a. Plaintiff's motions for preliminary injunctive relief (ECF Nos. 421, 441) be denied;
    b. Plaintiff's motion for a telephone conference regarding her motions for preliminary injunctive relief (ECF No. 422) be denied;
    c. Plaintiff's motions to certify a class action (ECF Nos. 432, 435) be denied;
    d. Plaintiff's motions for the appointment of counsel to represent a class (ECF Nos. 431, 436) be denied; and
    e. Plaintiff's motion to examine a correctional counselor (ECF No. 439) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

1 specified time may result in waiver of the right to appeal the district court's order. Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: April 24, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.mtns re pi