UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants. | No.  2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants. | No.  2:10-cv-2139 KJM SCR P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases as appropriate. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

These proceedings have been referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).[2]  Currently pending before the court are plaintiff's motions to be reinstated to competency.  ECF No. 271; ECF No. 349 in Case No. 2:10-cv-2139-KJM-SCR-P.

## I. Factual and Procedural History

The parties are well versed in the procedural history of these cases since they were filed in 2008 and 2010.  Therefore, the court dispenses with the need to recount them herein.

In her single page motions, plaintiff solely relies upon the remand order from the Ninth Circuit Court of Appeals as the basis for her request to be found competent to represent herself in these civil rights actions.[3]  ECF No. 271.

## II. Competency Evaluation

Following numerous attempts to obtain evidence of plaintiff's current mental status, the court appointed Dr. Amanda Gregory as a neutral expert to conduct a competency evaluation of plaintiff.  ECF No. 352; see also ECF Nos. 340 (describing the court's independent duty to protect incompetent parties and indicating the need for additional evidence in order to render a decision on plaintiff's competence); ECF No. 320 (granting plaintiff's motions to appoint an expert); ECF No. 281 (requiring plaintiff's mental health clinicians to submit a report).

Dr. Gregory, traveled to Salinas Valley State Prison, where plaintiff is incarcerated, on January 22nd and 23rd, 2025 to conduct the court ordered competency evaluation.  Report at 1.[4]  Ms. Davis refused to meet with Dr. Gregory on both days.[5]  Report at 6, 16-17.  "On the first attempt…, Ms. Davis indicated that she did not know about the meeting despite having been

---

[2] The district judge referred these cases back to the magistrate judge for all further pretrial proceedings on October 13, 2023.  ECF No. 333 (Minute Order).
[3] Plaintiff is transgender and uses feminine pronouns.  As a result, all use of male pronouns in prior court orders and decisions has been modified herein.
[4] As the Report was submitted to the court via email from Dr. Gregory and there is no CMECF pagination to cite to at the present, all pinpoint references are based on the internal pagination within the Report itself.
[5] This is not the first time nor the first case in which plaintiff has refused to meet with a court appointed medical expert.  See ECF Nos. 161-1, 181 (Report by Dr. Mannis indicating that plaintiff refused to be examined); see also Davis v. Malfi, Case No. 06-cv-4744-AHM (MLG) (C.D. Cal. Sept. 29, 2010) at ECF No. 135.

2

provided with the January 6, 2025 court order specifying the dates for the evaluation." Report at 6. On the second day, plaintiff was directly informed that the purpose of the visit was to conduct a court appointed competency evaluation. Id. "[T]he reasons for Ms. Davis refusing the visits are unclear… but her behavior appears to be self-defeating and contrary to her request to be restored to competency status." Id. According to Dr. Gregory, "[f]actors to consider in her refusal… include possible mood symptoms… and psychotic symptoms… impairing her rational decision making. Alternatively, her refusal could be driven by antisocial personality characteristics." Id. Regardless of what motivated her refusal, Dr. Gregory was unable to conduct the planned clinical interview, competency assessment, and any psychological or neuropsychological testing of plaintiff. Report at 5. Absent this information, Dr. Gregory was unable to render an opinion concerning plaintiff's current competency. Report at 5.

Dr. Gregory was then tasked with conducting a review of plaintiff's mental health records from the CDCR from 2017 through January 2025 in order to render an opinion on plaintiff's competency. ECF No. 415. These records indicate that Ms. Davis suffers from Schizoaffective Disorder, Bipolar Type; Gender Dysphoria; Adjustment Disorders with Disturbance of Conduct; Narcissistic Personality Disorder; and, Antisocial Personality Disorder with strong psychopathic, borderline, and narcissistic personality features. Report at 12. Ms. Davis has not taken any psychiatric medication since August 2023. Report at 15.

The most recent mental status examinations conducted by CDCR mental health staff, indicate that Ms. Davis was "alert, oriented, pleasant, cooperative, appropriately dressed and groomed, and able to maintain A[ctivities of] D[aily] L[iving]." Report at 12; see also Report at 13-14 (noting mental status exam on January 14, 2025 had similar results). Furthermore, Ms. Davis "interact[ed] with staff when approached, and exhibit[ted] good attention/concentration. She also presented with no evidence of psychosis, denied suicidal or homicidal ideation but presented with mildly pressured speech, perseveration, and irritation that her needs were not being addressed in a manner she thought appropriate." Report at 12-13. However, by January 23, 2025, plaintiff was experiencing "paranoia, mood instability, irritability-anger, poor insight, poor judgment, and being uncooperative with [a] mental health assessment." Report at 15.

1  Ultimately, these mental health records and reported observations of Ms. Davis by CDCR mental
2  health staff were not sufficient to allow Dr. Gregory to render an opinion regarding her current
3  competency.  Report at 5-6.

4  The only other clinical evidence in the record describing plaintiff's mental health records
5  is a June 6, 2023 Declaration from S. Neumann, a Doctor of Psychology employed by CDCR's
6  Correctional Health Care Services.  ECF No. 301.  Dr. Neumann indicated that Ms. Davis did not
7  present as depressed or anxious, did not have hallucinations or delusions, or express any suicidal
8  or homicidal ideation.  ECF No. 301 at 2.  Additionally, she was "lucid and her thought process
9  was organized."  ECF No. 301 at 2.  At that point, Ms. Davis had only been medication non-
10 compliant for 3 days.  Id.  Dr. Neumann also indicated that she had not been required to take
11 psychiatric medication pursuant to a Keyhea order since August 7, 2020.[6]  Id. at 3.  Based on all
12 of this information, Dr. Neumann opined that "[d]espite slight paranoia with regard to other
13 people's motives, Patient Davis is oriented and their thought process is goal oriented…. She
14 [also] demonstrates the ability to advocate for herself (i.e., she files grievances and other legal
15 documents)." Id. at 4.

16 Ultimately, the magistrate judge previously assigned to these matters, found Dr.
17 Neumann's five page report "insufficient to render a decision on plaintiff's competence." ECF
18 No. 340 at 4.  At this point, almost two years later, the undersigned has no choice but to agree
19 with this conclusion.  The undersigned cannot find that a June 2023 mental status examination is
20 sufficient current evidence of plaintiff's competency, especially in light of her lengthy period of
21 medication non-compliance since that examination was performed.

22 **III.     Legal Standards**

23 In a civil case, determinations of competency are governed by Federal Rule of Civil
24 Procedure 17.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  The Ninth Circuit has
25 held a party "is entitled to a Rule 17 competency determination when substantial evidence of

---

[6] See Keyhea v. Rushen, 178 Cal.App.3d 526 (1986) (holding that state prisoners have a statutory right under California Penal Code § 2600 to refuse psychiatric medication unless there is a judicial finding that they are incompetent to make that choice).

4

incompetence is presented." Allen, 408 F.3d at 1153. Although the procedure for determining competency is determined by federal law, the substantive standard for competency is derived from state law. See In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015); Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, Case No. 09-cv-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)). Therefore, the question before this court is whether plaintiff understands the nature and consequences of these proceedings and whether she is able to adequately litigate them.

### IV. Analysis

In these cases, plaintiff filed her first motion for the appointment of a guardian ad litem and counsel in 2011. See ECF No. 25. This court determined that plaintiff was incompetent on February 22, 2012 after finding that "[d]ue to mental illness, [s]he does not have the ability to consult with [her] lawyer with a reasonable degree of rational understanding and does not have a rational nor factual understanding of the proceedings against [her]." ECF No. 28 at 2 (taking judicial notice of order from the Central District of California in Case No. 06-cv-4744-AHM (MLG) finding plaintiff incompetent). Thirteen years later, plaintiff asks this court to determine whether there is sufficient evidence to show that she now has a rational and factual understanding of the proceedings and is able to carry out the basic tasks needed to represent herself.

The only evidence that plaintiff has tendered to the court at any point to demonstrate her competency is (1) her enrollment in a correspondence course in history in 2021, see ECF No. 258 at 3, and (2) the lack of an involuntary medication order, see ECF No. 252 at 2 (explaining that her last involuntary medication order expired in August 2020). However, the court has no information as to whether plaintiff successfully completed the history course. And even if she did, succeeding within the carefully managed structure of a correspondence course would not necessarily demonstrate plaintiff's capacity to orchestrate her own civil litigation. Moreover, the state court standard for issuing an involuntary medication order is not the same as the competency standard this court is tasked with applying. For this reason, the lack of an involuntary medication

order is not determinative of plaintiff's current competence to represent herself in these civil proceedings.

Plaintiff's lack of cooperation with the court's neutral psychiatric expert, despite several warnings about the consequences for not cooperating, suggest that plaintiff does not have a rational understanding of these proceedings or ability to pursue litigation on her own. See ECF No. 410 at 2 (order warning plaintiff that "[a]ny failure to cooperate in the assessment by Dr. Gregory will result in a recommendation that plaintiff's pending motions to be reinstated to competency be denied"); see also ECF No. 352 at 3 (explaining that "[i]f plaintiff refuses to cooperate with Dr. Gregory, this court will, at the very least, consider that refusal as evidence that plaintiff is unable to understand the nature of these proceedings and is therefore incompetent to proceed pro se in these cases"). She filed a motion to be determined competent, yet she refused to come out of her cell and participate in obtaining evidence to support her motion. Whether her actions—demonstrating a lack of rational understanding about court proceedings and an inability to pursue the goals of her lawsuit—is caused by her Schizoaffective Disorder or her personality disorders is not the issue before this court. Either way, it appears that plaintiff's mental illness is currently preventing her from a rational and factual understanding of these proceedings and from prosecuting this action. Based on a preponderance of the evidence, the undersigned finds that plaintiff is not currently competent to represent herself in these proceedings.

By separate order, the court requests briefing from the parties about the court's Rule 17(c)(2) duties at this procedural juncture in these cases.

### V.    Plain Language Summary for Pro Se Party

Since plaintiff is acting as her own representative in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on your refusal to visit or communicate with Dr. Gregory, the court does not have sufficient evidence to find that you are competent to proceed with your pending civil rights cases. It is recommended that your motion to be reinstated to competency be denied. This means that your civil cases cannot proceed to discovery, a settlement conference, or trial until the court

locates and appoints another guardian ad litem or issues another appropriate order to protect your legal interests in these cases.

If you disagree with the recommendation to deny your motion to be deemed competent, you have 21 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations" and do not exceed 20 pages. The district judge will review your case and make the final decision about your motion to be determined competent to proceed.

IT IS HEREBY ORDERED that:

1. The Clerk of Court file Dr. Gregory's February 24, 2025 Competency Evaluation Report under seal, and nunc pro tunc to the date it was received by the court. See Local Rule 141. This report shall be docketed but not served on any non-party to this proceeding.

2. The Clerk of Court is also directed to file Dr. Gregory's Curriculum Vitae as a separate docket entry in this case. This docket entry shall also be filed nunc pro tunc to February 24, 2025.

3. Based on her history of filing multiple repetitious motions after being warned about such excessive filings, the court limits plaintiff's filings in response to these Findings and Recommendations. **Plaintiff may file one single set of Objections limited to no more than 20 pages in length including attachments**. **Any additional pleadings filed by plaintiff that are not specifically authorized by the court will be stricken from the docket as filed in violation of a court order and not responded to by the court.**

4. The Clerk of Court is directed to serve a courtesy copy of these Findings and Recommendations on Saor E. Stetler, Esquire, P.O. Box 2395, Mill Valley, CA 94942, and Stephanie Marie Adraktas, Esquire, 2625 Alcatraz Avenue, #233, Berkeley, CA 94705, as they have been appointed to represent plaintiff in her pending habeas appeal that is stayed in the Ninth Circuit Court of Appeals pending this court's competency evaluation.

IT IS FURTHER RECOMMENDED that plaintiff's motions to be reinstated to competency (ECF No. 271; ECF No. 349 in Case No. 2:10-cv-2139-KJM-SCR-P) be denied based on the lack of any evidence in support thereof.

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6 objections shall be served and filed within fourteen days after service of the objections.  The
7 parties are advised that failure to file objections within the specified time may waive the right to
8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 DATED: March 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE