UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kennard Davis,<br><br>              Plaintiff,<br><br>     v.<br><br>James Walker, et al.,<br><br>              Defendants. | No. 2:08-cv-00593-KJM-SCR |
| Kennard Davis,<br><br>              Plaintiff,<br><br>     v.<br><br>James Walker, et al.,<br><br>              Defendants. | No. 2:10-cv-02139-KJM-SCR<br><br>ORDER |

Plaintiff Kennard Davis alleges in the two actions captioned above that prison staff denied medical care to plaintiff in retaliation for filing appeals, used excessive force, destroyed legal documents and took other similarly harmful actions. Defendants deny these claims. The court has previously found plaintiff is not competent to proceed pro se, and plaintiff is now represented by a guardian ad litem. The parties in both cases have reached settlement agreements and now

1

move jointly for approval of the agreements in each case.  *See* Case No. 08-593, ECF No. 528; Case No. 10-2139, ECF No. 558.  The parties agree the settlement agreements in the two related cases are a full and complete compromise of all disputed issues and the parties' compromises do not amount to any admission on part of the defendants.  Plaintiff also agrees that in consideration of receiving two payments of $15,000, one for each of the two cases, plaintiff will forever discharge, hold harmless and indemnify defendants and will dismiss all pending claims with prejudice.  No other monetary relief will be paid to plaintiff, and each party will bear its own attorneys' fees.

District courts have a duty to protect the interests of minor or incompetent litigants.  *See* Fed. R. Civ. P. 17(c)(2) (requiring a district court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action").  This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests" of the minor or incompetent person.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  The Ninth Circuit instructs district courts to "limit the scope of their review to the question whether the net amount distributed to each [minor or incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [plaintiff's] specific claim, and recovery in similar cases."  *Robidoux*, 638 F.3d at 1181–82.  This District's Local Rules also include several provisions governing the approval of an agreement to settle claims by an incompetent person.  *See* E.D. Cal. L.R. 202(b).

The parties have supplied the information required by the local rules, including in their joint motion and a declaration by the guardian ad litem, which describes the terms of the settlement agreement, how it came about with the assistance of a Magistrate Judge in a court-convened settlement conference, and the terms and history of plaintiff's representation by counsel and guardian ad litem.  *See* Case No. 08-593, ECF No. 534; Case No. 10-2139, ECF No. 559.  By all indications, the parties negotiated and entered the settlement agreements in good faith.

The court is familiar with the claims and allegations underlying plaintiff's claims, the long procedural history of these related cases and the evidence about plaintiff's competency.  Although

the court is aware of no cases that are a precise match for these here, the court is satisfied the settlement agreements are fair and reasonable in comparison to settlement agreements on behalf of others who, in comparably vulnerable circumstances, have alleged deprivations of their constitutional or statutory rights.  *See, e.g.*, *Gillis v. In-Shape Fam. Fitness, LLC*, No. 23-01474, 2024 WL 3637487 (E.D. Cal. Aug. 2, 2024) (approving agreement even though size of award was "relatively small," given the nature of the alleged harms); *Cantu v. Kings County*, No. 20-00538, 2023 WL 8806569, at *8 (E.D. Cal. Dec. 20, 2023) (collecting authority), *findings and recommendation adopted*, 2024 WL 169153 (E.D. Cal. Jan. 16, 2024); *Garcia v. County of Kern*, No. 20-0093, 2021 WL 3674519, at *7 (E.D. Cal. Aug. 19, 2021) (same), *findings and recommendation adopted*, 2021 WL 3813414 (E.D. Cal. Aug. 26, 2021).  The court also has reviewed the parties' summary of how the settlement funds will be distributed, i.e., via prison trust account, and finds those procedures are proper.

The motion at ECF No. 528 in Case No. 08-593 and the motion at ECF No. 558 in Case No. 10-2139 are both **granted**.  The parties shall file dispositional documents in both related actions **within thirty days** of the date this order is filed.

IT IS SO ORDERED.

DATED:  December 17, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE